B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br>Barbara H. Katz, Chapter 7 Trustee for the<br>Bankruptcy Estate of Peter Sikes<br>57 Trumbull Street, New Haven, CT 06510 | DEFENDANTS<br>Andrea Sikes<br>13 Woodsvale Road<br>Madison, CT 06443 |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Kara S. Rescia, Esq. & Paige M. Vaillancourt, Esq.<br>Rescia Law, P.C. 5104A Bigelow Commons, Enfield, CT 06082<br>Tel: 860-452-0052 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Fraudulent Transfer 11 U.S.C. §544; 548, 549, 550 & 551;11 U.S.C. §§101-1330; Uniform Fraudulent Transfer Act, Conn. Gen. Stat. §§ 52-522e(a)(2) and/or 52-552f(a), and Federal Rule of Bankruptcy Procedure 7001(1), 28 U.S.C. §§157 and 1334(b); 28 U.S.C. §§157 (b)(2)(A)(B)(E)(H) and (O); 28 U.S.C. § 1409(a);

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $50,000.00 |

**Other Relief Sought**   The Trustee as Plaintiff requests that the payment of filing fee associated with the filing of this Complaint be deferred until such time as the Debtor's bankruptcy estate contains sufficient funds with which to pay such filing fee.

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>PETER SIKES | BANKRUPTCY CASE NO.<br>19-30419(AMN) | | |
| DISTRICT IN WHICH CASE IS PENDING<br>CONNECTICUT | DIVISION OFFICE<br>NEW HAVEN | | NAME OF JUDGE<br>NEVINS |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE<br>SEPTEMBER 14, 2021 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Kara S. Rescia, Esq. | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | |
|---|---|
| In re:<br>　　PETER SIKES<br>　　　　Debtor | Case No. 19-30419(AMN)<br><br>Chapter 7 |
| BARBARA H. KATZ, CHAPTER 7<br>BANKRUPTCY TRUSTEE<br><br>　　　　Plaintiff,<br><br>v.<br><br>ANDREA SIKES<br><br>　　　　Defendant. | <br><br>Adversary Proceeding No. |

## COMPLAINT

### JURISIDICTION AND VENUE

1. This complaint initiates an adversary proceeding pursuant to §§ 544, 548, 550 and 551 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1330 ("Bankruptcy Code"), the Uniform Fraudulent Transfer Act, Conn. Gen. Stat. §§ 52-522e(a)(2) and/or 52-552f(a), and Federal Rule of Bankruptcy Procedure 7001(1). The complaint seeks to avoid and recover a fraudulent transfer of the Debtor's property made to or for the benefit of the Defendant.

2. This Court has jurisdiction, under 28 U.S.C. §§ 157 and 1334(b), of the subject matter of this proceeding because the claims asserted herein arise under Chapter 7 of the Bankruptcy Code and are related to a case pending under the Bankruptcy Code in the United States Bankruptcy Court for the District of Connecticut, New Haven Division (the "Bankruptcy Court").

3. The matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A)(B)(E)(H) and (O).

4. Pursuant to 28 U.S.C. § 1409(a), venue of this adversary proceeding in the Bankruptcy Court is proper because the Debtor's case is pending in this district and division.

## PARTIES

5. The Plaintiff, Barbara H. Katz, is the duly appointed Chapter 7 Trustee for the bankruptcy estate of Peter Sikes ("Plaintiff" or "Trustee"). The Trustee has a usual place of business of 57 Trumbull Street, New Haven, Connecticut 06510.

6. The Defendant, Andrea Sikes (the "Defendant"), is an individual who resides at 13 Woodsvale Road, Madison, Connecticut 06443.

## FACTS

7. On March 21, 2019, the Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Petition Date").

8. On or about May 2, 2018, which date is within two years prior to filing, the Debtor transferred the sum of $50,000 from a Wells Fargo checking account ending in 9302 held jointly with the Defendant, who is the Debtor's wife, to a People's United Bank Plus Savings account ending in 9393 held solely by the Defendant (the "Transfer").

9. The Defendant gave no consideration for the Transfer.

10. The filed claims in this case total $192,390.15 and the Debtor's Schedules E/F lists $356,331.32 in nonpriority unsecured debt.

11. At the time of the Transfer, the Debtor was insolvent.

12. At the time of the Transfer, the Debtor had unreasonably small capital.

13. At the time of the Transfer, the Debtor was unable to pay his debts as they became due.

14. On September 16, 2019, Jeffrey Hellman, Esq., attorney for GigaNet Systems, Inc., a creditor in this bankruptcy case (the "Creditor" or "GigaNet"), filed a complaint against the Defendant in the Connecticut Superior Court for the Judicial District of New Haven as GigaNet Systems, Inc. v. Sikes, Andrea, Docket No. NNH-CV19-6096390-S, in part for

recovery of the Transfer (the "State Court Claim"). The State Court Claim alleges the Transfer funds came from a business checking account held by the Debtor's limited liability company, Core Technologies.

15. At a Rule 2004 exam, the Debtor testified that he caused the Transfer in an attempt to protect the funds from Wells Fargo, which held a delinquent loan.

16. Additionally, on July 26, 2021, the Court entered an Order in adversary proceeding 20-03039 (Doc. Id. 63), which adversary proceeding was brought by the United States Trustee, approving a stipulation with the Debtor revoking the Debtor's discharge pursuant to 11 U.S.C. § 727(d) and denying the Debtor's discharge pursuant to 11 U.S.C. §§ 727(a)(2) and (a)(4)(A).

17. Accordingly, the Debtor made the Transfer with actual intent to hinder, delay, or defraud an entity to which the Debtor was or became, on or after the date the Transfer was made, indebted.

18. The Bankruptcy Estate is entitled to set aside and recover the Transfer.

19. On January 8, 2020, the Trustee sent a demand letter to Timothy Miltenberger, Esq., attorney for the Defendant, for recovery of the $50,000 Transfer.

20. The Trustee and the Defendant entered into a tolling agreement through September 30, 2021 and therefore the statutes of limitation affecting any claims herein have not lapsed.

## COUNT I

### FRAUDULENT TRANSFER CLAIM
### PURSUANT TO 11 U.S.C. § 548(a)(1)(A)

21. The Trustee repeats, realleges, and incorporates by reference Paragraphs 1 through 20 above with the same force and effect as if fully set forth herein.

22. The Transfer constitutes a "transfer" as that term is defined in 11 U.S.C. § 101(54)(D).

23. The Transfer was made within two years before the Petition Date.

24. The Debtor testified at a Rule 2004 exam that he made the Transfer with actual intent to hinder, delay, or defraud an entity to which the Debtor was or became, on or after the date the Transfer was made, indebted.

25. The Transfer constitutes a fraudulent transfer avoidable by the Trustee pursuant to 11 U.S.C. § 548(a)(1)(A) of the Bankruptcy Code.

### COUNT II

### CONSTRUCTIVE FRAUDULENT TRANSFER CLAIM PURSUANT TO 11 U.S.C. § 548(a)(1)(B)

26. The Trustee repeats, realleges, and incorporates by reference Paragraphs 1 through 25 above with the same force and effect as if fully set forth herein.

27. The Debtor received less than reasonably equivalent value in exchange for the Transfer.

28. At the time of the Transfer, the Debtor was insolvent or became insolvent as a result of the Transfer.

29. At the time of the Transfer, the Debtor was engaged in a business transaction, or was about to engage in a business transaction, for which any property remaining with the Debtor was an unreasonably small amount of capital.

30. At the time of the Transfer, the Debtor intended to incur, or believed that he would incur, debts that would be beyond his ability to pay as such debts matured.

31. The Transfer constitutes a constructively fraudulent transfer avoidable by the Trustee pursuant to 11 U.S.C. § 548(a)(1)(B) of the Bankruptcy Code.

### COUNT III

### UFTA CONSTRUCTIVE FRAUDULENT TRANSFER PURSUANT TO 11 U.S.C. § 544(b)(1), CONN. GEN. STAT §§ 52-552e(a)(2) AND 52-552(f)(a)

32. The Trustee repeats, realleges, and incorporates by reference Paragraphs 1 through 31 above with the same force and effect as if fully set forth herein.

4

33. The Debtor did not receive reasonably equivalent value in exchange for the Transfer.

34. The Transfer was effectuated when: (a) the Debtor was engaged, or was about to engage, in a business transaction for which the remaining assets of the Debtor was unreasonably small in relation to the business or transaction; and/or the Debtor intended to incur, or believed or reasonably should have believed that he would incur debts beyond his ability to pay as they became due; and/or the Debtor was insolvent or the Debtor became insolvent as a result of the Transfer.

35. At the time of the Transfer, the Debtor was engaged in a business or a transaction, or was about to engage in a business or transaction, for which any property remaining with the Debtor was an unreasonably small amount of capital.

36. At the time of the Transfer, the Debtor intended to incur, or believed that he would incur debts that would be beyond his ability to pay as such debts matured.

37. At the time of the Transfer, the Debtor was insolvent or became insolvent as a result of the Transfer.

38. The Transfer constitutes a fraudulent transfer within the meaning of, and in violation of the Uniform Fraudulent Transfer Act, Conn. Gen. Stat. §§ 52-522e(a)(2) and/or 52-552f(a).

39. As a direct and proximate result of the Transfer, the Debtor, the Bankruptcy Estate, and his creditors have suffered money damages.

40. At the time of the Transfer, there have been creditors who have held and still hold matured or unmatured claims against the Debtor that were and are allowable under § 502 of the Bankruptcy Code or that were and are not allowable under § 502(e) of the Bankruptcy Code.

41. Pursuant to 11 U.S.C. § 544(b)(1), the Trustee may avoid any transfer of an interest of the Debtor in property or any obligation incurred by the Debtor that is voidable under

applicable law by a creditor holding an unsecured claim that is allowable under § 502 of the Bankruptcy Code or that is not allowable only under § 502(e) of the Bankruptcy Code.

42. The Trustee, on behalf of the Bankruptcy Estate, is entitled to avoid the Transfer, to have it set aside, and to recover the Transfer, or the value thereof, pursuant to Conn. Gen. Stat. §§ 52-552(e)(a)(2), 52-552f(a), and 52-552h(a) from the Defendant.

## COUNT IV

### AUTOMATIC PRESERVATION OF AVOIDED TRANSFER PURSUANT TO 11 U.S.C. § 551

43. The Trustee repeats, realleges, and incorporates by reference Paragraphs 1 through 42 above with the same force and effect as if fully set forth herein.

44. Pursuant to § 551 of the Bankruptcy Code, any transfer avoided under §§ 544 and 548 of the Bankruptcy Code is preserved for the benefit of the Bankruptcy Estate.

## COUNT V

### LIABILITY OF TRANSFEREE OF AVOIDED TRANSFER PURSUANT TO 11 U.S.C. § 550

45. The Trustee repeats, realleges, and incorporates by reference Paragraphs 1 through 44 above with the same force and effect as if fully set forth herein.

46. Pursuant to § 550(a) of the Bankruptcy Code, the Trustee may recover an amount equivalent to the value of the Transfers pursuant to §§ 544 and 548 of the Bankruptcy Code from the Defendant for the benefit of the Bankruptcy Estate.

### ADDITIONAL RELIEF REQUESTED
### DEFERRAL OF PAYMENT OF FILING FEE

47. The Debtor's Bankruptcy Estate presently does not contain any funds with which to pay the required filing fee in connection with the filing of this Complaint. Accordingly, the Trustee respectfully requests that the payment of such filing fee be deferred until such time

as the Trustee recovers funds (from any source) in connection with the underlying Chapter 7 case.

**WHEREFORE**, the Plaintiff, Barbara H. Katz, Trustee, respectfully requests that the Court enter Judgment for the Trustee and against the Defendant as follows:

1. Judgment against Defendant Andrea Sikes in an amount not less than $50,000.00 in favor of the Trustee;

2. An award of interest, costs and attorney's fees;

3. That the payment of the filing fee associated with the filing of this Complaint be deferred until such time as the Debtor's Bankruptcy Estate contains sufficient funds with which to pay such filing fee; and

4. Such other relief as the Court deems just and proper.

BARBARA H. KATZ, TRUSTEE
FOR THE BANKRUPTCY
ESTATE OF PETER SIKES

BY HER COUNSEL,

Dated: September 14, 2021

By: /s/ Kara S. Rescia
Kara S. Rescia, Esq. #18001
Paige M. Vaillancourt, Esq. #30742
Rescia Law, P.C.
5104A Bigelow Commons
Enfield, CT 06082
Tel No. (860) 452-0052
Email kara@ctmalaw.com
Email paige@ctmalaw.com