**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**NEW HAVEN DIVISION**

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| PETER SIKES, | : | Bankruptcy Case 19-30419 (AMN) |
| | : | |
| Debtor. | : | |
| _____ | : | |
| | : | |
| BARBARA KATZ, TRUSTEE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| V. | : | Adversary Proceeding 21-3008 |
| | : | |
| ANDREA SIKES, | : | |
| | : | |
| Defendant. | : | |

**ANSWER AND AFFIRMATIVE DEFENSES OF**
**ANDREA SIKES IN RESPONSE TO THE TRUSTEE'S COMPLAINT**

Andrea Sikes, by and through her attorneys, Coan Miltenberger LLC, hereby responds to the allegations of the complaint [ECF No. 1] of Barbara Katz, Trustee (the "Trustee") and states as follows:

**BY WAY OF ANSWER**

1. Paragraph 1 of the Trustee's complaint alleges the Trustee's intent and legal position. To the extent a response is required, the Defendant has insufficient information to admit or deny the allegations of paragraph 1 and leaves the Trustee to her proof.

2. Admitted.

3. Admitted that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(H). Otherwise, denied.

4. Admitted.

1

5. Admitted.

6. Admitted.

7. Admitted.

8. Denied that the Debtor made such a transfer. Otherwise, the Defendant has insufficient knowledge to admit or deny the allegations of paragraph 8 and leaves the Trustee to her proof.

9. Denied.

10. The Defendant has insufficient knowledge to admit or deny the allegations of paragraph 10 and leaves the Trustee to her proof.

11. The Defendant has insufficient knowledge to admit or deny the allegations of paragraph 11 and leaves the Trustee to her proof.

12. The Defendant has insufficient knowledge to admit or deny the allegations of paragraph 12 and leaves the Trustee to her proof.

13. The Defendant has insufficient knowledge to admit or deny the allegations of paragraph 13 and leaves the Trustee to her proof.

14. The Defendant has insufficient knowledge to admit or deny the allegations of paragraph 14 and leaves the Trustee to her proof.

15. The Defendant has insufficient knowledge to admit or deny the allegations of paragraph 15 and leaves the Trustee to her proof.

16. The Defendant has insufficient knowledge to admit or deny the allegations of paragraph 16 and leaves the Trustee to her proof.

17. Denied.

18. Denied.

19. Admitted.

20. Admitted that the Trustee and Defendant entered into a tolling agreement. Otherwise, the Defendant has insufficient knowledge to admit or deny the allegations of paragraph 20 and leaves the Trustee to her proof.

## COUNT I
## FRAUDULENT TRANSFER CLAIM
## PURSUANT TO 11 U.S.C. § 548(a)(1)(A)

21. The Defendant repeats her answers and incorporates same by reference to paragraphs 1 through 20 above with the same force and effect as if fully set forth herein.

22. Denied.

23. Denied to the extent that the paragraph alleges a transfer. Otherwise, admitted.

24. The Defendant has insufficient knowledge to admit or deny the allegations of paragraph 24 and leaves the Trustee to her proof.

25. Denied.

## COUNT II
## CONSTRUCTIVE FRAUDULENT TRANSFER CLAIM
## PURSUANT TO 11 U.S.C. § 548(a)(1)(B)

26. The Defendant repeats her answers and incorporates same by reference to paragraphs 1 through 25 above with the same force and effect as if fully set forth herein.

27. Denied.

28. Denied.

29. The Defendant has insufficient knowledge to admit or deny the allegations of paragraph 29 and leaves the Trustee to her proof.

30. The Defendant has insufficient knowledge to admit or deny the allegations of paragraph 30 and leaves the Trustee to her proof.

31. Denied.

## COUNT III
## UFTA FRAUDULENT TRANSFER CLAIM
## PURSUANT TO 11 U.S.C. § 544(b)(1),
## CONN. GEN. STAT. §§ 52-552e(a)(2) and 52-552(f)(a)

32. The Defendant repeats her answers and incorporates same by reference to paragraphs 1 through 31 above with the same force and effect as if fully set forth herein.

33. Denied.

34. Denied that the debtor was insolvent. Otherwise, the Defendant has insufficient knowledge to admit or deny the allegations of paragraph 34 and leaves the Trustee to her proof.

35. The Defendant has insufficient knowledge to admit or deny the allegations of paragraph 35 and leaves the Trustee to her proof.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. The Defendant has insufficient knowledge to admit or deny the allegations of paragraph 40 and leaves the Trustee to her proof.

41. Denied.

42. Denied.

## COUNT IV
## AUTOMATIC PRESERVATION OF TRANSFER
## PURSUANT TO 11 U.S.C. § 551

43. The Defendant repeats her answers and incorporates same by reference to paragraphs 1 through 43 above with the same force and effect as if fully set forth herein.

44. Denied.

# COUNT IV
## LIABILITY OF TRANSFEREE OF AVOIDED TRANSFER
## PURSUANT TO 11 U.S.C. § 550

45. The Defendant repeats her answers and incorporates same by reference to paragraphs 1 through 45 above with the same force and effect as if fully set forth herein.

46. Denied.

## ADDITIONAL RELIEF REQUESTED

47. The Defendant has insufficient knowledge to admit or deny the allegations of paragraph 47 and leaves the Trustee to her proof.

## BY WAY OF AFFIRMATIVE DEFENSE

## FIRST AFFIRMATIVE DEFENSE

The Defendant is a good faith transferee for value and is entitled to retain her interest in the property transferred, or a lien on the property transferred to the extent of the value she provided in exchange for the transfers to it. See 11 U.S.C. § 548(c).

## SECOND AFFIRMATIVE DEFENSE

The Defendant is a good faith transferee for value and is entitled to retain her interest in the property transferred, or a lien on the property transferred to the extent of the value she provided in exchange for any transfers to her. *See* Conn. Gen. Stat., § 52-552i.

## THIRD AFFIRMATIVE DEFENSE

The Trustee's claims are barred by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred by the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred by the doctrine of waiver.

## SEVENTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred by the doctrine of *in pari delicto*.

## EIGHTH AFFIRMATIVE DEFENSE

The Trustee's claims are barred in whole or in part because she failed to mitigate the estate's damages.

WHEREFORE, Andrea Sikes requests a judgment in her favor, an award of fees and costs to the extent permitted by law, and such other and further relief as is just.

**ANDREA SIKES**

By /s/ Timothy D. Miltenberger
Timothy D. Miltenberger (ct08874)
Coan Miltenberger LLC
157 Church Street, 19th Floor
New Haven, CT  06510
(203) 624-4756
tim@coanmiltenberger.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 14, 2021 a copy of the foregoing was filed electronically and will be sent by email to all parties by operation of the Court's electronic filing system to all appearing parties. Parties may access this filing through the Court's CM/ECF System.

                                        /s/ Timothy D. Miltenberger
                                        Timothy D. Miltenberger